Filed 2/9/22  P. v. Morones CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CHRISTIAN MORONES,<br><br>    Defendant and Appellant. | B312630<br><br>Los Angeles County<br>Super. Ct. No. NA057522 |

APPEAL from an order of the Superior Court for the County of Los Angeles.  Daniel J. Lowenthal, Judge.  Affirmed.

Sandra Gillies, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Daniel C. Chang and David A. Wildman, Deputy Attorneys General, for Plaintiff and Respondent.

————————————————

## SUMMARY

Defendant Christian Morones appeals from the denial of his resentencing petition.  He was convicted of murder under the provocative act murder doctrine, after one of his accomplices in a robbery was killed by the victim of the robbery.  He contends he was convicted under a theory "under which malice is imputed to a person based solely on that person's participation in a crime" (Pen. Code, § 1170.95, subd. (a)(1)), and therefore is eligible for resentencing.  (All further statutory references are to the Penal Code.)

Defendant is mistaken.  There was no imputation of malice.  Defendant was convicted of murder based on his own intentional commission of a provocative act, while personally harboring the required mental state of implied malice.  The trial court's order is affirmed.

## FACTS

The following facts concerning the killing are an abbreviated version of those recited in our opinion in *People v. Morones* (Feb. 9, 2012, B225231) [nonpub. opn.] 2012 Cal.App.Unpub.Lexis 1014 at pages *2–5.

Albert Bachelier lived in a trailer on his father's property.  His father collected firearms and owned many weapons, some of which were housed in the trailer.  Gary Rodela and Ursula Gomez arrived at the trailer in the early morning hours of June 22, 2003.  Bachelier was there with two other people, and admitted Rodela and Gomez to the trailer.  Once inside, Rodela pulled a gun and pointed it at Bachelier.  Shortly afterward, defendant entered the trailer, and both defendant and Rodela yelled at Bachelier, asking him where he stored the guns and warning they would kill him if he lied.  Bachelier said he had no guns, but in fact he had a loaded handgun hidden on his person and other loaded guns hidden around the trailer.  Defendant and

2

Rodela, both of whom had weapons, ordered Bachelier and the others under a table under threat of death. They searched each of them separately. They punched, kicked and "pistol-whipped" Bachelier, who managed to keep his handgun hidden during the search.

Defendant then searched the trailer and found a shotgun, after which Rodela searched the trailer and found another gun. Rodela told defendant, "I found one. That mother fucker lied to me. Pull his ass out and kill him." Defendant turned to Bachelier and pointed his gun at Bachelier. Bachelier thought he would be shot. Bachelier shot defendant and Rodela. One of the others present testified that immediately before Bachelier shot them, defendant and Rodela were threatening Bachelier. When Bachelier initially discharged his weapon, defendant was pointing his weapon directly at Bachelier.

Rodela later died of gunshot wounds.

Defendant was charged with the first degree murder of Rodela, as well as other offenses and enhancements. (*People v. Morones, supra,* 2012 Cal.App.Unpub.Lexis 1014 at p. *5.) Ursula Gomez was also charged. They were tried together and convicted of all counts. They appealed, and this court reversed the conviction for first degree murder. (*People v. Gomez* (Oct. 30, 2006, B180504) [nonpub. opn.] 2006 Cal.App.Unpub.Lexis 9734.) Gomez pled no contest to voluntary manslaughter, and defendant was tried a second time. (*People v. Morones, supra,* at p. *6.)

In his second trial, the jury again convicted defendant of first degree murder. In defendant's appeal, we concluded his conviction based on the provocative act murder doctrine had to be reduced to second degree murder. (*People v. Morones, supra,* 2012 Cal.App.Unpub.Lexis 1014 at pp. *1, 8–15.) The trial court resentenced defendant, defendant appealed the sentence, and we

affirmed the judgment. (*People v. Morones* (July 15, 2013, B245343) [nonpub. opn.] 2013 Cal.App.Unpub.Lexis 4919.)

On February 8, 2019, defendant filed a petition for resentencing under section 1170.95. The petition stated, among other things, that defendant was convicted of first or second degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine, and could not now be so convicted because of the changes made to sections 188 and 189, effective January 1, 2019.

The trial court ordered the district attorney to respond to the petition, and appointed counsel for defendant.

On February 26, 2021, the trial court denied the petition. The court stated that, "as the Second District has made clear over the last several months on multiple occasions, provocative act murder does not come within the ambit of [section] 1170.95. It is not considered a subset of natural and probable [consequences], or felony murder."

Defendant filed a timely appeal. Both parties filed requests for judicial notice. Defendant requested judicial notice of the jury instructions showing defendant was convicted on a provocative act theory, and we grant that request. The Attorney General requested judicial notice of the appellate record in defendant's direct appeal, including our appellate opinion. We grant judicial notice of our opinion, but otherwise deny the request as unnecessary.

## LEGAL BACKGROUND

The Legislature enacted Senate Bill No. 1437 (2017–2018 Reg. Sess.), effective January 1, 2019, amending the felony-murder rule and the natural and probable consequences doctrine for murder. The bill's purpose was "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant

4

in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The bill stated that "[a] person's culpability for murder must be premised upon that person's own actions and subjective mens rea." (Stats. 2018, ch. 1015, § 1, subd. (g).)

Senate Bill No. 1437 amended the definition of malice in section 188, and narrowed the class of persons liable for felony murder in section 189. (Stats. 2018, ch. 1015, §§ 2 & 3.) The amended definition of malice includes a provision stating that "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3); Stats. 2018, ch. 1015, § 2.)

Senate Bill No. 1437 also added section 1170.95, providing a procedure under which a person convicted of felony murder, or murder under a natural and probable consequences theory, could petition the sentencing court to have the murder conviction vacated and to be resentenced on any remaining counts. (Stats. 2018, ch. 1015, § 4.) Among the applicable conditions was that the petitioner "could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (*Ibid*.)

Effective January 1, 2022, the Legislature amended section 1170.95 by Senate Bill No. 775 (2021–2022 Reg. Sess.). The Legislature stated that the amendment "[c]larifies that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural and probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories." (Stats. 2021, ch. 551, § 1, subd. (a).) The amendment also codified certain holdings in *People v. Lewis* (2021) 11 Cal.5th 952; reaffirmed the burden of proof at a resentencing hearing; and

addressed the evidence a court may consider at a resentencing hearing.  (Stats. 2021, ch. 551, § 1, subds. (b)–(d).)

As amended, section 1170.95 now states, as relevant here, that "[a] person convicted of felony murder or murder under the natural and probable consequences doctrine *or other theory under which malice is imputed to a person based solely on that person's participation in a crime*, . . . may file a petition" for resentencing under the specified conditions (*id.*, subd. (a), italics added), including that the petitioner "could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019" (*id.*, subd. (a)(3)).  The italicized language is virtually identical to the provision added to the Penal Code's definition of malice in 2019.  (§ 188, subd. (a)(3).)

## DISCUSSION

It is undisputed that defendant was convicted of murder on a provocative act theory.  The provocative act doctrine is described in many cases, including *People v. Gonzalez* (2012) 54 Cal.4th 643 (*Gonzalez*).

"When someone other than the defendant or an accomplice kills during the commission or attempted commission of a crime, the defendant is not liable under felony-murder principles but may nevertheless be prosecuted for murder under the *provocative act* doctrine.  The provocative act doctrine is to be distinguished from the felony-murder rule.  'A provocative act murder case necessarily involves at least three people—in our case, the perpetrator of the underlying offense, an accomplice, and a victim of their crime. [Citation.]'  [Citation.]  A variation on the law of transferred intent, the provocative act doctrine holds the perpetrator of a violent crime vicariously liable for the killing of an accomplice by a third party, usually the intended victim or a police officer.  [Citations.]  Under the *felony-murder rule*, if an

6

accomplice is killed by a crime victim and not by the defendant, the defendant cannot be held liable for the accomplice's death. [Citations.]  The provocative act doctrine is not so limited.  Under the provocative act doctrine, when the perpetrator of a crime maliciously commits an act that is likely to result in death, and the victim kills in reasonable response to that act, the perpetrator is guilty of murder.  [Citations.]  'In such a case, the killing is attributable, not merely to the commission of a felony, but to the intentional act of the defendant or his accomplice committed with conscious disregard for life.' "  (*Gonzalez, supra,* 54 Cal.4th at pp. 654–655.)

*Gonzalez* further explains:  "A murder conviction under the provocative act doctrine thus requires proof that the defendant *personally harbored the mental state of malice*, and either the defendant or an accomplice intentionally committed a provocative act that proximately caused an unlawful killing.  [Citations.]  *A provocative act is one that goes beyond what is necessary to accomplish an underlying crime* and is dangerous to human life because it is highly probable to provoke a deadly response. [Citations.]  . . .  Malice will be implied if the defendant commits a provocative act knowing that this conduct endangers human life and acts with conscious disregard of the danger.  [Citations.]" (*Gonzalez, supra,* 54 Cal.4th at p. 655, italics added.)

Here, the jury was properly instructed on all the elements the prosecution had to establish in order to prove defendant was guilty of murder under the provocative act doctrine, and defendant does not suggest otherwise.  Rather, defendant contends the formulations of the doctrine in *Gonzalez* and other cases "show the doctrine is a way of imputing malice rather than a determination the defendant acted with implied malice." Defendant is mistaken.

*Gonzalez* is clear, and nothing in its discussion suggests the provocative act doctrine "is a way of imputing malice." Malice is not "imputed" when the defendant must "personally harbor[] the mental state of malice," intentionally commit a provocative act, know that his conduct endangers human life, and consciously disregard the danger. (*Gonzalez, supra,* 54 Cal.4th at p. 655.) That is implied malice, and nothing in section 1170.95 has eliminated implied malice as a proper basis for a murder conviction.

The Penal Code merely prohibits imputing malice to a defendant "based solely on [the defendant's] participation in a crime*.*" (§ 188, subd. (a)(3), § 1170.95, subd. (a).) Plainly, defendant's murder conviction was not "based solely on [his] participation in a crime." Malice was implied based on defendant's own provocative act—an act "beyond what is necessary to accomplish an underlying crime" (*Gonzalez, supra,* 54 Cal.4th at p. 655)—and on defendant's mens rea while doing it ("knowing that [his] conduct endanger[ed] human life and act[ing] with conscious disregard of the danger" (*ibid.*)). That is implied malice, not an imputation of malice based only on participation in a crime.

As the trial court observed, appellate courts have uniformly rejected the argument defendant makes here, which is based on the similarity of language in materially different theories of murder liability. (See, e.g., *People v. Mancilla* (2021) 67 Cal.App.5th 854, 867–868 (*Mancilla*); see *id.* at p. 868 ["section 188, subdivision (a)(3), which provides malice shall not be imputed to a person based solely on his or her participation in a crime, does not affect the theory of provocative act murder"].) *Mancilla* describes the language similarities and doctrinal differences in detail, and we need not reiterate them here. (*Id.* at pp. 867–868; see, e.g., *id.* at p. 868 ["Unlike natural and probable

consequences liability for murder, which contained no requirement of proof of malice [citation], malice aforethought—conscious disregard for life—is a necessary element of a conviction for provocative act murder, as [the defendant's] jury was instructed."].)

Defendant argues that excluding provocative act murder from the ambit of the resentencing statute violates equal protection principles. It does not, because "offenders who acted with malice and those who did not are not similarly situated for purposes of section 1170.95." (*Mancilla, supra,* 67 Cal.App.5th at p. 870.)

Because defendant was convicted of murder under a theory requiring proof of malice aforethought, he is ineligible for resentencing as a matter of law.

## DISPOSITION

The order is affirmed.


GRIMES, Acting P. J.

WE CONCUR:


STRATTON, J.


WILEY, J.

9